## UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

January 6, 2011

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **JAN. 6, 2011**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
>
> BY: s/ Ronnie Plasner, DEPUTY

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Castronovo & McKinney, LLC
Paul Castronovo, Esq.
18 MacCulloch Avenue
Morristown, New Jersey 07690

Bruce H. Levitt, P.C.
Bruce H. Levitt, Esq.
76 South Orange Avenue, Suite 305
South Orange, New Jersey 07079
*Co-Counsel for Plaintiff*

Mandelbaum Salsburg Lazris & Discenza, P.C.
Stuart Gold, Esq.
155 Prospect Avenue
West Orange, New Jersey 07052
*Counsel for Defendant-Debtor*

Re:   **Joseph R. Trobert, Debtor**
      **Case No. 10-33457 (DHS)**
      **Wolfe v. Trobert**
      **Adv. Proc. No. 10-02369**

Dear Counsel:

Joseph R. Trobert, the Defendant-Debtor ("Debtor"), brings a motion to dismiss the Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012. In the Complaint, Plaintiff Mark Wolfe ("Plaintiff") seeks damages from the Debtor for alleged violations of the

Page 2
January 6, 2011

New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("NJLAD") and nondischargeability of the debt. The Plaintiff alleges that the Debtor unlawfully terminated him from Instruments & Equipment Company ("I&E"). The Debtor responds with the present motion arguing for dismissal of Counts I and II because, first, the NJLAD does not provide for individual liability unless such an individual aids or abets the discriminatory conduct, and second, an individual defendant under the NJLAD cannot be liable for aiding or abetting his own conduct when he is the principal violator.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(a), 1334(b) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. The motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052. For the following reasons, the Court will grant the Debtor's motion to dismiss.

## STATEMENT OF FACTS

The Complaint seeks to hold the Debtor individually liable for violations of the LAD and for aiding and abetting such violations. The Complaint alleges the Plaintiff was employed by I&E, which is owned by the Debtor, who also serves as its president and the Plaintiff's immediate supervisor. In May 2009, the Plaintiff informed the Debtor that he had received a job offer elsewhere and gave notice of his resignation. In reply, the Debtor offered the Plaintiff a salary increase and retention bonus to remain in his current position at I&E. The Plaintiff accepted the offer. The Complaint alleges, however, that on the following day the Debtor made several derogatory and inflammatory comments to another I&E employee, Edward Stockwell, regarding the Plaintiff's religion and ancestry. The Debtor also allegedly told Stockwell that he retained the Plaintiff solely to deprive him of the competing offer, with the intention of letting him go shortly thereafter. Approximately two weeks later, the Debtor terminated the Plaintiff's employment with I&E.

## DISCUSSION

**I.  Motions to Dismiss**

Upon considering a motion to dismiss, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008) (citation and quotations omitted). The factual allegations contained in the Complaint "must be enough to raise the right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

Page 3
January 6, 2011

1955, 167 L. Ed. 2d 929 (2007). The Court will necessarily limit its review to "allegations contained in the complaint, exhibits attached to the complaint, matters of public record, [and] . . . concededly authentic document[s] upon which the complaint is based when the defendant attaches such document[s] to its motion." *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

## II.    Individual Liability under the NJLAD

The NJLAD prohibits discrimination by an *employer*. Pursuant to the statute, an employer "includes all persons as defined in subsection a . . . unless otherwise specifically exempt under another section of [the NJLAD] . . ." N.J. Stat. Ann. § 10:5-5e. Subsection a defines "person" as "one or more individuals, partnerships, associations, organizations, labor organizations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, and fiduciaries." N.J. Stat. Ann. § 10:5-5a. An individual supervisor is not an "employer" under the NJLAD and may not be held personally liable as such. *Tarr v. Ciasulli*, 181 N.J. 70, 83 (2004).

An individual supervisor may be held personally liable, however, if he acts to "aid, abet, incite, compel or coerce the doing of any of the acts forbidden [under the NJLAD]." N.J. Stat. Ann. § 10:5-12e. Judge Chesler of the District Court recently considered the question of aiding and abetting liability in *Putterman v. Weight Watchers Int'l*, 2010 U.S. Dist. LEXIS 85754 (D.N.J. Aug. 19, 2010). There, the defendant was a supervisor who allegedly committed the principal violation of the NJLAD. *Id*. The court agreed with the defendant that she could not be held liable for aiding and abetting her own actions and accordingly granted the motion to dismiss. *Id.* In relying on the New Jersey Supreme Court's holding in *Tarr*, Judge Chesler reiterated that "central to establishment of aiding and abetting liability in this type of case is the element of having provided substantial assistance to the principal violator." *Id.* Where an individual supervisor is also the principal violator, a plaintiff cannot demonstrate that the supervisor provided substantial assistance to himself. *Id.* This concept, that a "principal wrongdoer cannot aid and abet his own wrongful conduct" is well established. *Id.; Tsakonas v. Nextel Communs., Inc.*, 2006 U.S. Dist. LEXIS 62072 at *18 (D.N.J. Aug. 31, 2006) (citation omitted).

The Plaintiff cites *Ivan v. County of Middlesex,* 612 F. Supp. 2d 546 (D.N.J. 2009) in support of his position that an individual supervisor can in fact aid and abet his own discrimination. *Ivan* is distinguishable, however, because that case involved several supervisory employees committing unlawful acts. *Id.* The defendants in *Ivan* were held personally liable under the NJLAD because their conduct "emboldened" others to discriminate. *Id. See also Putterman*, 2010 U.S. Dist. LEXIS 85754 at *2.

In the present case, the Complaint points to the Debtor as the principal and sole violator. The Plaintiff fails to allege any facts implicating anyone other than the Debtor in discriminatory conduct forbidden by the NJLAD. The Debtor is not an "employer" as defined by the statute,

Page 4
January 6, 2011

nor was it possible for him to aid and abet himself. Accordingly, the Plaintiff's Complaint as drafted fails to state a claim upon which relief can be granted. The Court will therefore grant the Debtor's motion and dismiss the Complaint without prejudice.

## **CONCLUSION**

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure